**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KENT RAYMOND PLATTER,<br><br>    Defendant. | No. 06-CR-2012-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION AND PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . *1*

*II.*   *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
     *A.*    **United States v. Richardson** . . . . . . . . . . . . . . . . . . . . . . . . *2*
     *B.*    *Multiplicity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
     *C.*    *Election* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     *D.*    *Persuasive Authority* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     *E.*    *Minimizing the Risk of Prejudice* . . . . . . . . . . . . . . . . . . . . *6*

*III.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*I.  INTRODUCTION AND PROCEDURAL HISTORY*

The matter before the court is Defendant Kent Raymond Platter's Motion to Dismiss Alternate Counts ("Motion") (docket no. 47).

On February 14, 2006, Defendant was charged in two counts of an indictment. Count 3 charges Defendant with being a felon in possession of two firearms on or about December 22, 2005, in violation of 18 U.S.C. § 922(g)(1). Count 4 charges Defendant with being a drug user in possession of the same firearms on or about the same date, in

violation of 18 U.S.C. § 922(g)(3).[1]  On June 7, 2006, the government filed a trial brief and noted that the parties had entered into stipulations in which they agree that Defendant is a felon and that the firearms alleged in the indictment traveled across state lines prior to their presence in Iowa.

On June 9, 2006, Defendant filed the instant Motion.  In the instant Motion, Defendant argues that, due to *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006), the court should force the government to elect one theory of prosecution in the case and dismiss one of the two counts.  On the same date, the government filed a Resistance.  In the Resistance, the government responds that, although *Richardson* provides that Defendant may not be punished twice for violating 18 U.S.C. § 922(g) by having two disqualifying statuses, *Richardson* does not prohibit the government from proceeding to trial on two different theories under Section 922(g).  The government relies upon *Ball v. United States*, 470 U.S. 856 (1985), and several non-binding appellate cases, and argues that it is permissible for the government to submit alternate counts to the jury.

On June 12, 2006, the court held a hearing on the Motion.  Assistant United States Attorney Peter E. Deegan, Jr., represented the government.  Defendant was personally present and represented by Attorney Jonathan B. Hammond.

## II.  LEGAL ANALYSIS

### A.  United States v. Richardson

On March 2, 2006, the Eighth Circuit Court of Appeals issued an en banc opinion in *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006).  The defendant in

---

[1] Count 4 previously listed subsection 922(g)(1), rather than the subsection which makes it illegal for a drug user to possess firearms, that is, subsection 922(g)(3).  At a June 12, 2006 hearing, the court granted the government's oral motion to amend Count 4.

*Richardson* was convicted of violations of both subsections 922(g)(1) and 922(g)(3). *Id.* at 422. The *Richardson* court held the following:

> Congress intended the "allowable unit of prosecution" to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.

*Id.* (citing *Bell v. United States*, 349 U.S. 81, 81 (1955), and opinions by the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh and D.C. Circuits). It remanded the defendant's case to the district court and instructed the district court "to vacate the sentence, merge the counts of conviction into one count, and resentence the defendant based on a single conviction under 18 U.S.C. § 922(g)." *Id.*

### B. Multiplicity

*Richardson* teaches that charging violations of more than one subsection of Section 922(g) results in a multiplicitous indictment. Elsewhere, the Eighth Circuit Court of Appeals has explained multiplicity in indictments as follows: "Multiplicity is the charging of a single offense in several counts . . . ." *United States v. Street*, 66 F.3d 969, 975 (8th Cir. 1995) (quotations and citations omitted); *see also United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005) ("An indictment is multiplicitous if it charges the same crime in two counts."). The Eighth Circuit Court of Appeals has warned that "[t]he vice of multiplicity is that it may lead to multiple sentences for the same offense." *Street*, 66 F.3d at 975 (quotations and citations omitted); *see also Chipps*, 410 F.3d at 447 ("The main difficulty with [a multiplicitous] indictment is that the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment.") (citations omitted).

## C. Election

Defendant asks the court to force the government to elect to proceed on one of the two counts of the indictment due to the multiplicity. The government has considerable discretion in fashioning the counts of an indictment. *Ball v. United States,* 470 U.S. 856, 859 (1985); *United States v. Batchelder*, 442 U.S. 114, 124 (1979). "[T]he fundamental principle underlying the practice of requiring the prosecution to choose between offenses or counts is the prevention of prejudice and embarrassment to the accused . . . ." *Finnegan v. United States*, 204 F.2d 105, 110 (8th Cir. 1953). Although "[m]ultipliciousness is not per se grounds for election since it does not necessarily place the defendant in jeopardy of multiple offenses," *Wangrow v. United States*, 399 F.2d 106, 112 (8th Cir. 1968), the court has discretion to require election, *Brennan v. United States*, 240 F.2d 253, 261 (8th Cir. 1957). *See Pierce v. United States*, 160 U.S. 355, 356 (1896) ("The question whether the prosecution should be compelled to elect [between the two counts of the indictment] was a matter purely within the discretion of the court."); *see also United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (noting that the trial court has discretion to require election between multiplicitous counts); *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990) (noting "that the district court has discretion in deciding whether to require the prosecution to elect between multiplicitous counts especially when the mere making of the charges would prejudice the defendant with the jury") (quotation and citation omitted).

## D. Persuasive Authority

The law in the Eighth Circuit is clear that, even if Defendant is convicted on Counts 3 and 4, he may only be sentenced on one of the counts. *Richardson*, 439 F.3d at 422. In other words, it is clear that Defendant may not be punished separately for violations of subsections 922(g)(1) and 922(g)(3). The Eighth Circuit Court of Appeals has not,

however, had the opportunity to examine whether it is appropriate to allow the government to seek convictions for violations of two different subsections of Section 922(g) by presenting two theories to a jury. Therefore, the court examines several non-binding cases.

In *United States v. Johnson*, 130 F.3d 1420 (10th Cir. 1997), the Tenth Circuit Court of Appeals held that firearm convictions under subsections 922(g)(1) and 922(g)(3) were multiplicitous, but that the government was not required to elect between the two counts before trial. *Id.* at 1426. In other words, the government could present both counts to a jury. The Tenth Circuit Court of Appeals determined that it was within the district court's discretion whether to require the government to elect between multiplicitous Section 922(g) counts before trial. *Id.*

The First Circuit Court of Appeals has made an explicit statement permitting the government to proceed to trial on separate counts alleging violations of subsections 922(g)(1) and 922(g)(3). In *United States v. Shea*, 211 F.3d 658 (1st Cir. 2000), the First Circuit Court of Appeals stated, without explanation: "[I]t is clear enough that the government is entitled to get both theories before the jury, whether in one count or two. In all events, we do not treat the multiple 'convictions' as clear error." *Id.* at 673. The court went on to instruct that double jeopardy precluded the imposition of two sentences for convictions under subsections 922(g)(1) and 922(g)(3). *Id.*; *see also United States v. Dunford*, 148 F.3d 385, 390 n.1 (4th Cir. 1998) (stating that multiplicity of Section 922(g) counts is not fatal to the indictment).

At least two district courts have refused to compel the government to make pre-trial elections between subsections 922(g)(1) and 922(g)(3). In *United States v. Harwell*, No. 05-40123-01-SAC, 2006 WL 864825 (D. Kan. Mar. 31, 2006), the district court denied the defendant's motion to dismiss and declined to require the government to elect between

5

the alternate counts. *Id.* at *2. The district court discussed the risk of prejudice to the defendant as follows:

> The risk of false impressions here does not appear to be great or unfairly prejudicial to the defendant, as the entire case involves simply the defendant's alleged possession of two weapons on a single day, and the indictment plainly identifies which counts are brought as alternative disqualifying statuses. Just as in *Johnson*, there is the possibility the jury may acquit the defendant Harwell of one count and convict on the alternative count. The court will not require the government to elect between the alternative counts.

*Id.* In another recent district court case, the district court did not require election and stated that charges under subsections 922(g)(1) and 922(g)(3) were neither duplicative nor multiplicitous. *United States v. Kelly*, No. 2:05 CR 20242, 2006 WL 220852, *3 (W.D. La. Jan. 24, 2006). In *Kelly*, the government argued that it was "not improper for the prosecutor to charge separate counts of unlawful weapons possession under § 922(g) on the basis of each disqualifying status," because the government is required to prove different elements under subsections 922(g)(1) and 922(g)(3). *Id.* The district court denied the defendant's motion to dismiss one of the counts and stated that, if "the jury renders a guilty verdict on both counts, these counts will be consolidated for sentencing." *Id.*

### *E. Minimizing the Risk of Prejudice*

The court is cognizant of the risk of prejudice to Defendant that may result from the presentation of alternative theories or counts, but finds that the risk is minimal in the instant case. The Tenth Circuit Court of Appeals wrote:

> The risk of a trial court not requiring pretrial election is that it may falsely suggest to a jury that a defendant has committed not one but several crimes. Once such a message is conveyed

> to the jury, the risk increases that the jury will be diverted
> from a careful analysis of the conduct at issue, and will reach
> a compromise verdict or assume the defendant is guilty on at
> least some of the charges.

*Johnson*, 130 F.3d at 1426 (citations and quotations omitted); *see also Throneburg*, 921 F.2d at 657 (dismissing the defendant's argument that he was unduly prejudiced due to the government's presentation of a felon in possession of firearm count and a felon in possession of ammunition count, even though the two counts merged for sentencing purposes); *United States v. Reed*, 639 F.2d 896, 904 n.6 (2d Cir. 1981) (discussing multiplicitous counts and noting that election "is most appropriate when the mere making of the charges would prejudice the defendant with the jury").[2]

The court recognizes that, in theory, Defendant could be unduly prejudiced because the jury will receive evidence regarding his status as a convicted felon and evidence regarding his status as a drug user. The court finds, however, that any danger of unfair prejudice to Defendant will be eliminated by the jury instructions. Here, the risk of

---

[2] In the Ninth Circuit, courts follow the *Nash* Rule to make a post-trial determination of whether a defendant was prejudiced by the presentation of multiplicitous counts. In *United States v. Matthews*, 240 F.3d 806 (9th Cir. 2001), the defendant was convicted by a jury of three counts of being a felon in possession of a firearm. *Id.* at 812. There, the Ninth Circuit Court of Appeals held that the dismissal of two of the three multiplicitous counts after conviction but before sentencing was an adequate remedy. *Id.* at 818. In doing so, it rejected the defendant's argument that he was prejudiced because of the presentation of multiplicitous counts. *Id.* Citing the *Nash* Rule, the Ninth Circuit Court of Appeals looked at whether the government "would have introduced exactly the same evidence had the indictment contained only one count of the charged offense." *Id.* (citing *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997)). The Ninth Circuit Court of Appeals determined that, under the *Nash* Rule, the district court did not abuse its discretion in denying a new trial because "the Government would have presented evidence concerning all three guns, no matter how the possession charge was packaged in the indictment." *Id.*

prejudice is minimal, because the jury will be advised that Defendant is only charged with one offense. The Eighth Circuit Court of Appeals recently held that multiplicitous counts alleging simple assault did not influence the jury's verdicts due to the jury instructions. *Chipps*, 410 F.3d at 449. In one count in *Chipps*, the government alleged that the defendant used "shod feet" as his weapon to carry-out the assault. *Id*. at 447. In another count, the government alleged that the defendant used a baseball bat as his weapon. *Id*. The Eighth Circuit Court of Appeals rejected the defendant's argument that the "multiplicitous counts of assault tainted the jury's deliberations as to all of the charges." *Id*. at 449. The Eighth Circuit Court of Appeals held that the multiplicitous counts did not prejudice the defendant because "[t]he district court's instructions to the jury indicated that each charge was to be considered separately" and because juries are presumed to follow instructions. *Id*. (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)). The Eighth Circuit Court of Appeals concluded "that these instructions ensured that the jury's verdict on the valid counts was not influenced by the multiplicitous counts." *Id*.

In a case involving multiplicitous murder charges, the Eighth Circuit Court of Appeals held that the risk of multiplicitous convictions was eliminated by the trial court's submission of two counts on a single verdict form. *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998). In *Moore*, the defendants were charged with murdering a person in furtherance of a continuing criminal enterprise ("CCE") (Count 3) and murdering the same person while engaged in a marijuana distribution conspiracy (Count 4). *Id*. Each type of murder is prohibited by 21 U.S.C. § 848(e)(1)(A). *Id*. The multipliciousness in *Moore* is slightly different from the instant situation involving Defendant, because, in *Moore*, the defendants were convicted of a conspiracy violation of 21 U.S.C. § 846 which is a lesser included offense of a CCE violation of 21 U.S.C. § 848. *See generally Rutledge v. United States*, 517 U.S. 292 (1996) (holding that a drug conspiracy violation is a lesser included

offense of a CCE violation); *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005) (holding that manufacturing methamphetamine was a lesser included offense of manufacturing methamphetamine within 1000 feet of a school and that separate convictions for both violated the defendant's rights against double jeopardy). In *Moore*, the district court submitted both counts in a single verdict form and instructed the jurors that if they found the defendants guilty of the CCE violation, they should not consider the charge of murder while engaged in a marijuana distribution conspiracy. *Moore*, 149 F.3d at 779. The Eighth Circuit Court of Appeals referred to the verdict form and noted: "This eliminated the risk of multiplicitous convictions or punishments, an appropriate remedy for multiplicity." *Id*. The court rejected the defendants' arguments that "they were nonetheless prejudiced because the indictment suggested more criminal activity than actually occurred," because the jury did not "see" the indictment. *Id*. The court concluded there was no abuse of discretion. *Id*.

Thus, the court concludes that any prejudice to Defendant will be minimized, if not totally eliminated, by instructing the jury that Defendant has only been charged with one offense.

### III. CONCLUSION

The court finds that, because the *Richardson* court ordered merger of the two counts of conviction under Section 922(g), the court could compel the government to elect to proceed under only one count of the indictment. The court could also allow the government to proceed against Defendant on two separate counts or two separate theories within one count. The court finds that, in Defendant's case, the jury's verdict is not at risk of becoming tainted by allowing the government to present two separate theories under Section 922(g). The counts shall be presented to the jury as alternatives of one offense.

9

For the foregoing reasons, the court hereby **ORDERS:**

(1) Defendant's Motion to Dismiss Alternate Counts (docket no. 47) is **DENIED**; and

(2) The period between the filing of Defendant's motion and this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 12th day of June, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA